UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. GAY M. STORY | CIVIL ACTION |
| VERSUS | |
| OUR LADY OF THE LAKE HEALTH PHYSICIAN GROUP | NO. 17-651-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2020.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DR. GAY M. STORY**

**VERSUS**

**OUR LADY OF THE LAKE HEALTH PHYSICIAN GROUP**

**CIVIL ACTION**

**NO. 17-651-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Conference (R. Doc. 82), requesting a conference and other relief with respect to Plaintiff's Objections to Defendant's Application to Tax Costs and Opposition to the Clerk's Taxation of Costs (R. Doc. 81) simultaneously filed on July 1, 2020. The motion is opposed. (R. Doc. 84). Plaintiff filed a reply. (R. Doc. 88).

**I.      Background**

Plaintiff Gay Story ("Dr. Story" or "Plaintiff"), who is an African-American female, filed suit on September 18, 2017, alleging that she was discriminated against on the basis of her race, sex, and age when Our Lady of the Lake Physician Group ("OLOL" or "Defendant") fired her.[1] On November 15, 2017, Dr. Story filed an amended complaint. (Doc. 19). OLOL moved for dismissal of Dr. Story's retaliation claim and state-law claim under La. Civil Code Article 2315. (Doc. 24). On April 20, 2018, the Court granted the motion for partial dismissal. (Doc. 29). OLOL answered the remaining claims. (Doc. 30). On August 30, 2018, OLOL moved for summary judgment on all remaining claims. (Doc. 44). The Court granted the Motion for

---

[1] At the commencement of this litigation, Dr. Story was represented by counsel, Scott D. Wilson. As discussed below, Dr. Story is now proceeding *pro se*.

1

Summary Judgment and dismissed all claims with prejudice. (R. Docs. 61, 62). Dr. Story appealed. (R. Doc. 63).

OLOL filed a Motion for Attorney Fees on February 26, 2019 (R. Doc. 65) and an Application to Tax Costs on March 14, 2019 (R. Doc. 68). On October 8, 2019, Fifth Circuit affirmed the Final Judgment in this action. (R. Doc. 71). There is no dispute that OLOL is the prevailing party in this action.

On November 25, 2019, in the absence of any objections, the Clerk of Court taxed costs in the amount of $2,874.00 against Dr. Story. (R. Doc. 72). The Taxation of Costs noted that pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the Clerk's actions may be reviewed by the Court provided a Motion to Review is filed within 7 days from the receipt of the Taxation of Costs. Dr. Story, at the time represented by counsel, did not file a Motion to Review by December 2, 2019, the deadline to do so.

On December 3-4, 2019, Mr. Wilson sought to withdraw as counsel for Dr. Story. (R. Docs. 73, 74, 75). The Court granted Mr. Wilson's motion to withdraw on December 6, 2019. (R. Doc. 78). On December 30, 2019, Mr. Wilson filed into the record a letter sent by certified mail to Dr. Story on December 4, 2019, informing Dr. Story that she had been taxed costs in the amount of $2,874.00 and that there is a pending motion to recover fees. (R. Doc. 79).

On March 12, 2020, the Court denied OLOL's Motion for Attorney Fees. (R. Doc. 80). No further motions remained pending before the Court at that time.

On June 16, 2020, defense counsel sent a letter to Dr. Story, now proceeding *pro se* for the purposes of the post-judgment litigation, seeking payment of the taxed amount of $2,874.00 within 14 days of the correspondence. (R. Doc. 84-1).

On July 1, 2020, Dr. Story filed the instant Motion for Conference (R. Doc. 82) and Objections to Defendant's Application to Tax Costs and Opposition to the Clerk's Taxation of Costs (R. Doc. 81). Dr. Story opposes the payment of taxed costs based on the following assertions: (1) her counsel did not make her aware of the OLOL's Application of Taxation of Costs; (2) her counsel ignored her requests to oppose the Clerk's Taxation of Costs; (3) defense counsel acted unethically during depositions; (4) OLOL and its employees have not been been reprimanded; (5) there is an imbalance of power and money between the parties; and (6) she is facing financial hardships. (R. Doc. 81). Dr. Story seeks a conference with the Court and injunctive relief precluding OLOL from seeking the taxed costs. (R. Doc. 82).

OLOL opposes the relief sought by Dr. Story on the basis that her objections are untimely and are otherwise baseless or irrelevant to the taxed costs. (R. Doc. 84). Plaintiff filed a reply memorandum addressing OLOL's responses to her objections. (R. Doc. 88).

## II.     Law and Analysis

Having considered the record, the arguments of the parties, and applicable law, the Court finds that a conference is unnecessary. Dr. Story, despite being represented by counsel, did not timely oppose Defendant's Application to Tax Costs or timely file a motion seeking judicial review of the Clerk's Taxation of Costs. Dr. Story has not otherwise demonstrated excusable neglect for seeking relief over six months after her former counsel specifically informed her that she was taxed with costs.

An award of costs other than attorney's fees is governed by Rule 54(d)(1) of the Federal Rules of Civil Procedure:

> **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may

3

>tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54. The Local Rules are consistent with Rule 54(d)(1):

>**Objections.** Specific objections may be made within fourteen days to any item of costs supported by affidavit or other evidence, which may be rebutted. The Clerk of Court shall thereupon tax the costs.
>
>**Review of Taxation of Costs.** A dissatisfied party may request within seven days that the Court review the action of the Clerk of Court, in accordance with Fed. R. Civ. P. 54(d).

LR 54(d)-(e). The foregoing rules provide the procedures by which a non-prevailing party may challenge any costs sought by the prevailing party and awarded by the clerk. *Lagarde v. Metz*, No. 13-805, 2017 WL 2371817, at *3 (M.D. La. May 31, 2017); *Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363, 2011 WL 2437601, at *1 (M.D. La. June 17, 2011).

Here, OLOL filed its Application to Tax Costs on March 14, 2019. (R. Doc. 68). Dr. Story, who was represented by counsel at the time, did not file any objections to OLOL's Application to Tax Costs within 14 days of its filing. After the Fifth Circuit affirmed the Final Judgment of this action on October 8, 2019, Dr. Story, who was still represented by counsel, did not file any objections to OLOL's Application to Tax Costs within 14 days of the decision on appeal. Accordingly, Dr. Story's objections are untimely.

On November 25, 2019, the Clerk of Court issued the Taxation of Costs taxing costs in the amount of $2,874.00 against Dr. Story. (R. Doc. 72). Dr. Story, who was still represented by counsel, did not file a motion seeking judicial review of the Clerk's action within 7 days of the receipt of the Taxation of Costs. After the expiration of the 7-day period to seek judicial review of the Clerk's taxation of costs, a party waives its right to challenge the taxed costs and the costs are considered final. *See Prince v. Poulos*, 876 F.2d 30, 33-34 (5th Cir. 1989) (refusing to award costs on appeal because the appellant failed to object to the costs within the former five-day time

4

period required by Rule 54); *see also Nieman v. Hale*, No. 14-mc-38, 2015 WL 5896064, at *4 n.1 (N.D. Tex. Aug. 4, 2015), *report and recommendation adopted*, 2015 WL 5896125 (N.D. Tex. Oct. 6, 2015) (citing *Ahlberg v. Chrysler Corp.,* 481 F.3d 630, 638 (8th Cir. 2007); *Bloomer v. United Parcel Serv., Inc.,* 337 F.3d 1220, 1221 (10th Cir. 2003); *Cooper v. Eagle River Mem'l Hosp., Inc.,* 270 F.3d 456, 464 (7th Cir. 2001); *Walker v. California,* 200 F.3d 624, 625-26 (9th Cir. 1999)). Accordingly, Dr. Story's filings, to the extent they seek judicial review of the Clerk's Taxation of Costs, are untimely.

The record also does not support a finding that Dr. Story failed to file a timely motion for judicial review of the Clerk's Taxation of Costs because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). The record indicates that Mr. Wilson informed Dr. Story by letter sent certified mail on December 4, 2019 that she had been taxed costs in the amount of $2,874.00. (R. Doc. 79). Dr. Story further states that her former counsel emailed her a copy of the "judgment in favor of taxation of costs." (R. Doc. 81 at 1). Nevertheless, Dr. Story waited until July 1, 2020 to seek relief from this Court. Dr. Story's assertions that she was unaware of the Clerk's Taxation of Costs until contacted by defense counsel is contradicted by the record.

Furthermore, even if Dr. Story's challenge of the Clerk's Taxation of Costs could be construed as timely, Dr. Story has not established that modification of those taxed costs is merited. The $2,874.40 in taxed costs are for certain deposition transcript fees, service fees, and printing fees. (R. Doc. 72 at 1). The Clerk did not tax costs for deposition transcript fees where the record did not reflect that the depositions were cited in OLOL's Motion for Summary Judgment. (R. Doc. 72 at 2). Dr. Story does not specifically address whether and to what extent any of the taxed costs should be disallowed under 28 U.S.C. § 1920.

5

Instead, Dr. Story complains about the litigation process in general and the unfairness of the result of this action. Dr. Story's first two objections concern her communications with counsel while represented by counsel. These communications go to the timeliness of Dr. Story's filings, not the merits of the Clerk's Taxation of Costs.[2] Dr. Story's third objection concerns alleged unethical behavior by defense counsel during discovery and the litigation. Dr. Story did not, however, raise any such issue in an appropriate discovery motion or otherwise highlight any other briefing in which she raised such conduct during the litigation. Dr. Story's remaining arguments are attempts to relitigate the merits of her claims and to highlight the imbalance of resources between the parties. These untimely equitable arguments are insufficient to overcome the presumption that costs "should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(2).

**III.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Conference (R. Doc. 82) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 4, 2020.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] It is unclear from the record to what extent Mr. Wilson communicated with Dr. Story with respect to the deadlines proscribed by Rule 54(d)(1) and Local Rule 54(d)-(e). What is clear is that Dr. Story was represented by counsel during the 7-day period to file a motion for judicial review and that her counsel specifically informed her, in early December of 2019, that she had been taxed with costs.